# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**AARON M. BUTLER**                                                                **PETITIONER**

**V.**                          **NO. 4:21-CV-947-DPM-ERE**

**DEXTER PAYNE, Director**
**Arkansas Division of Correction**                                **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Chief Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. INTRODUCTION

Petitioner Aaron M. Butler's 28 U.S.C. § 2254 habeas petition should be summarily dismissed, without prejudice, because it is clear from the face of the petition that the Court lacks jurisdiction to entertain his claims.

## II. BACKGROUND

Mr. Butler, an inmate at the North Central Unit ("NCU") of the Arkansas Division of Correction ("ADC"), asserts a catalogue of incredible allegations against

state and federal judges and prison officials, claiming that they work in concert to deny prisoners access to their criminal records (*Doc. 1-2 at 1, 9*) and "illegally incriminate and incarcerate American citizens in violations of the United States Constitution." *Id. at 5*.

Mr. Butler does not identify a conviction or sentence against him that he is challenging, only states that such information is "unknown" and "can be changed." *Doc. 1-2, at 1*.

The only criminal history or cases specified in the petition concern another NCU inmate, Rickey a/k/a "Ricky" Ashley. *Id. at 4, 6-7, 10-12*. Mr. Ashley is prolific filer in this Court, and his name appears on the restricted filer list.[1] "Mr. Butler's" petition includes allegations repeated in cases that Mr. Ashley has filed in previous cases, claiming, with graphic and sordid detail, that a state judge sexually assaulted Mr. Ashley. *Id. at 6*; see also *Ashley v. Arnold*, No. 4:21-CV-00608-BSM, ECF No. 2, at 7 (Compl. filed July 6, 2021) and *Ashley v. Payne*, No. 4:19-CV-00624-SWW, ECF No. 31, at 8 (Objection filed Jan. 3, 2020).

---

[1]Magistrate Judge J. Thomas Ray recently issued a recommendation, adopted by District Judge James Moody, Jr., recommending that the Court impose a $500 monetary sanction against Mr. Ashley for attempting to circumvent his restricted-filer status by filing a habeas petition in another prisoner's name. See *Hobbs v. Payne*, No. 4:21-CV-00288-JM-JR, ECF No. 6 & 7, 2021 WL 3483437 (E.D. Ark. July 19, 2019) (Recommendation), 2021 WL 3476687 (E. D. Ark. Aug. 6, 2021) (Adopting Rec.). The recommendation in *Hobbs* provides an in-depth history of Mr. Ashley's frivolous and repetitive habeas actions.

The only claim asserted that specifically involves Mr. Butler seeks "reconsideration" of the ADC's finding that he is ineligible for release due to the COVID-19 pandemic. *Doc. 1-2 at 8*. Mr. Butler states that ADC officials vowed to review prisoners' institutional records for release consideration, and he received a "year denial." *Id*. According to Mr. Butler, his institutional file shows that he has completed an eighteen-month program during his incarceration, and he is a changed individual. *Id*.

### III.  DISCUSSION

After a § 2254 habeas petition is filed, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires that the district court conduct an initial review and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it is clear from initial review that the Court lacks subject matter jurisdiction to consider Mr. Butler's claims.

"The jurisdiction granted federal courts under § 2254 . . . is limited. Federal courts have jurisdiction to 'entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (quoting 28 U.S.C. § 2254 and citing *Coleman v. Thompson,* 501 U.S. 722, 730 (1991)). "The central focus of the writ . . . is to provide a remedy for

prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release." *Id*. at 1130 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 498 (1973)).

Rather than challenge a specific conviction or sentence entered against *him*, Mr. Butler repeats outlandish claims personal to Mr. Ashley and generally accuses judges and prison officials of conspiring to keep prisoners illegally incarcerated. Because these claims do not challenge Mr. Butler's custody, they cannot be considered under § 2254. See *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

Likewise, Mr. Butler's grievance that prison officials failed to find him eligible for COVID-19 release is not cognizable under § 2254. To state a viable claim for federal habeas relief, a petitioner must allege a violation of rights under the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Mr. Butler does not allege that his federal rights were violated in connection with this claim. Nor could he, based on the ADC's decision not to offer him early release based on the pandemic. See *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence.").

Finally, to the extent that Mr. Butler attempts to state a claim for the deprivation of constitutional rights by a state actor, normally cognizable under 42 U.S.C. § 1983, he fails because his allegations are entirely incredible and malicious. 28 U.S.C. § 1915A(b) (requiring that district courts review, before or as soon as practicable after docketing, all prisoner civil complaints seeking redress from the government and to "dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted").

## IV.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.   Petitioner Aaron M. Butler's § 2254 Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED without prejudice.

2.   A certificate of appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[2]

IT IS SO ORDERED this 15th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] A certificate of appealability should be denied because Mr. Butler has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).